**THE STANDING COMMITTEE ON CONSERVATION, RE-CREATION, AND CULTURAL AFFAIRS OF THE LEGIS-LATURE OF THE VIRGIN ISLANDS, HECTOR CINTRON, CHAIRMAN OF THE COMMITTEE ON CONSERVATION, RECREATION, AND CULTURAL AFFAIRS, and COMMIT-TEE MEMBERS, VIRDIN C. BROWN, VICE-CHAIRMAN, DEREK HODGE, and ALLAN PAUL SHATKIN, Plaintiff**

v.

**VIRGIN ISLANDS PORT AUTHORITY, and its DIRECTOR JOHN HARDING, Defendants**

Civil No. 1367/1985

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 14, 1985

ELMO A. ADAMS, JR., ESQ., Assistant Legal Counsel (Legislature of the Virgin Islands), St. Thomas, V.I., *for plaintiff*

VINCENT F. FRAZER, ESQ., Virgin Islands Port Authority, St. Thomas, V.I., and ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

### I. FACTS

On October 18, 1985, the Plaintiff filed a motion for a temporary restraining order to enjoin the Defendants from moving the barge, Miss Opportunity, from its location at the Submarine Base. Plaintiff's basis for the motion was that Defendants had failed to obtain the necessary permit, pursuant to 12 V.I.C. § 911, the Coastal Zone Management Act, to engage in the development, alteration or occupancy of the trust lands on which the barge is located. A temporary restraining order was issued, and the matter was heard on the merits before the Court on October 24, 1985. The Court reserved the hearing of final arguments and rendering of judgment until November 5, 1985.

In the interim, the Defendants moved the Court for dismissal on the grounds that the Plaintiff is without capacity and standing to institute this action, thereby depriving the Court of subject matter jurisdiction, and that the legal counsel of the Legislature is not authorized to represent the Plaintiff. In response to the Defendants' motion, the Plaintiff contends that the legislators have standing to protect the effectiveness of their vote on legislation and that circumvention of their right to vote gives them the necessary standing to institute an action. Plaintiff did not, however, address the issue of its capacity to bring this action. Upon consideration of the motions and memoranda of the parties and the Rules of the Senate of the Six-

teenth Legislature,[1] which was submitted as an exhibit by the Defendants, the Court is persuaded that the Plaintiff is without capacity or standing to institute this action and that the case should be dismissed.

## DISCUSSION

### A. *Standing*

■ ■ The doctrine of standing embraces the concept that even though a claim may be correct, the litigant advancing it is not properly situated to be entitled to its judicial determination. 13 Wright & Miller, Jurisdiction and Related Matters § 3531 (1984). The focus is on the party, not the claim itself. Id. While there is no single test or formula for determining whether a complaining party has standing to sue, the primary inquiry is whether the complaining party has suffered some *injury in fact*. Harrington v. Bush, 553 F.2d 190 (D.C. Cir. 1977). (Emphasis added.) In the Harrington case a member of the United States House of Representatives brought suit for a declaratory judgment that certain foreign and domestic activities of the Central Intelligence Agency were illegal, and for an injunction prohibiting the Agency from using the funding and reporting provisions of the Central Intelligence Agency Act. In holding that the Congressman lacked standing to bring the action, the court stated that he had failed to show that the illegality of the action of the Central Intelligence Agency was linked with any degree of specificity to his congressional interests. The court went on further to state that, "[s]ince appellant has failed to show injury to his effectiveness as a congressman, he has no right to invoke the power of the federal judiciary." Id. at 213.

The Court finds Harrington, supra, to be analogous to the case at bar, and while the Plaintiff has relied on that case in support of its standing argument, it appears to the Court that it goes decidedly against the Plaintiff's argument. Similar to the plaintiff in the Harrington case, the Plaintiff here alleged illegality on the part of the Virgin Islands Port Authority (hereinafter VIPA), by their failure to apply for and obtain a permit. Plaintiff, however, has failed to show with any degree of specificity how the alleged illegal actions of the VIPA are linked to its legislative interests. In other words,

---

[1] Rules of Congress and its committees are judicially cognizable. Yellin v. United States, 374 U.S. 109, 114 (1963). Likewise, Rules of the Legislature of the Virgin Islands are also cognizable by this Court. Dennis v. Roebuck, 20 V.I. 218 (D.V.I. 1983).

Plaintiff has failed to show *injury in fact*, the crucial element in establishing whether it has standing. It follows then, that if no injury in fact has been shown, the Plaintiff has no right to invoke the power of this Court.

■ Plaintiff has also cited the case of Kennedy v. Sampson, 511 F.2d 430 (D.C. Cir. 1974) in support of its standing argument, however; the Court finds that case to be distinguishable from the case sub judice. In Kennedy a U.S. senator sought declaratory judgment that a bill for which he had voted had become validly enacted despite a pocket veto by the President. The senator's argument was that the pocket veto had nullified his vote and deprived him of his constitutional right to vote on an override of the presidential veto. While the court upheld the senator's standing, its inquiry was limited to a discrete aspect of the process by which a bill becomes a law and those post-enactment events denying the bill's status as law. There was no interpretation of a concededly valid law already in existence, such as the Coastal Zone Management Act in the instant case. Plaintiff asserts that the circumvention of the Act by the VIPA denied it its rights to vote on a required permit. Unlike Kennedy, supra, which addressed the connection between the senator's past vote and his future vote on a specific piece of legislation, the impairment asserted by the Plaintiff involves future unspecified votes, which may or may not be triggered by the Governor's action. In the general legislative process of ratifying or rescinding Coastal Zone Management permits, Plaintiff does not get an opportunity to vote until such permit has been approved by the Governor. Any injury from the connection between these unspecified future votes and the general legislative process is speculative and remote. In order for Plaintiff to have standing, the alleged harm must be specific and objective, Harrington v. Bush, supra. Plaintiff has failed to meet this requirement.

B. *Capacity To Sue*

Title 48 U.S.C. §§ 1571 to 1576, Revised Organic Act of 1954, §§ 5 through 10, established the "Legislature of the Virgin Islands," and set out substantive and procedural rules which this Legislature is to follow. Section 6(g) specifically gives the Legislature inherent powers, which includes the power to establish legislative committees and to delegate certain powers to these committees. In compliance with this inherent power, the Sixteenth Legislature of the Virgin Islands enacted, on January 14, 1985, by Resolution 1221, Bill No.

16-00021, the Rules of the Senate (hereinafter Rules) which, among other things, established the various standing committees with their attendant powers and jurisdiction. For example, § 501 (the General Provisions) of the Rules sets out the powers of the standing committees, which includes: (1) investigating, studying, and evaluating all matters within and related to its jurisdiction, (2) holding hearings, (3) analyzing and amending bills, and (4) reporting its findings to the Legislature. As it specifically relates to the Plaintiff in the instant case, § 514 of the Rules provides that,

> The jurisdiction of the Committee on Conservation, Recreation, and Cultural Affairs shall encompass and the Committee shall *receive, consider,* and *make recommendations* on all bills relating to recreation, libraries, museums, cultural activities, fish and wildlife, natural resources and environmental protection, *Coastal Zone Management permits, and all matters pertaining thereto.*

(Emphasis added.)

■ Although § 514 gives the Plaintiff the authority to consider and make recommendations on matters pertaining to Coastal Zone Management permits, nowhere in that section is express authority given to the Plaintiff to institute actions relative to these matters. Likewise, § 501 does not grant such authority. In fact, § 509(f) of the Rules would consider such an autonomous action by the Plaintiff void. That section provides that, "Any action taken by a committee with respect to a particular matter is void if the action:

(1) was not taken in compliance with this section;
(2) is objected to by a member of the Legislature meeting in formal session; and
(3) is not ratified by affirmative vote of at least ten (10) members of the Legislature meeting in formal session."

Clearly, if Plaintiff's institution of this action was not authorized by the Legislature, then Plaintiff has no authority to bring such action. Careful examination of the file before the Court reveals that no such authorization was given to the Plaintiff to bring this action. Even if Plaintiff's actions were ratified by the legislative members as a whole, its institution of this action would still be void since it would not have been in compliance with § 509. Section 509(a) sets out specific announcement requirements for any meeting of the committee and time limitations for such announcements. The record is devoid of any evidence that Plaintiff complied with the announcement requirements when it met to discuss the institution of this action.

Defendants have cited several cases in support of their motion. Of the cases cited, the Court finds the case of Government of the Virgin Islands. v. Bay Corporation, 13 V.I. 287 (D.V.I. 1976), to be most applicable to the present case. In Bay Corporation, the plaintiff sought to declare invalid an agreement of lease between the Virgin Islands Port Authority and the Defendant, on the grounds that the lease was not approved by a majority vote of the Legislature. On its face, the lease bore the seal of the Legislature and the handwritten signature of the chairman of the Finance Committee of Legislature, but no expression of approval of a majority of the Legislature was present. The Defendant, on the other hand, argued that the Legislature had the power to delegate its lease-approval authority to the Committee on Finance by informal action, which it had done prior and subsequent to the signing of the lease in question. The court held, however, that the Legislature was fully aware that in order to delegate its lease-approval authority to the Finance Committee, it was required to pass a bill to that effect, rather than merely take a vote. The court went on to hold that, ". . . as a matter of law the Legislature could not delegate its authority to approve the lease in question here by an informal course of action. The approval of [the] lease by the Finance Committee was in direct violation of Act No. 2375[2] and Rule XVI, § 4[3]." Id. at 298. It stands to reason that, if delegation of authority by the Legislature to a committee by informal action is illegal, then action by a committee without *any* delegation, informal or otherwise, is also illegal. As we have already seen from the previous discussion, there was no formal nor informal delegation of authority by the Legislature to the Plaintiff to institute this action and, therefore, the Plaintiff acted ultra vires.

It may be argued by Plaintiff that 12 V.I.C. § 911(e) of the Coastal Zone Management grants the Committee the authority to act without approval by the entire legislative body. That section provides the following:

> (e) Approval by Governor and ratification by Legislature of coastal zone permits that include development or occupancy of trust lands or other submerged or filled lands.

---

[2] Act No. 2375 referred to by the Court was an act approved on December 24, 1968, which governed the leasing of the Submarine Base property. It added a new section to Title 29 of the Virgin Islands Code, providing that, "In no case shall the Authority have the power to sell, lease, mortgage, pledge or otherwise dispose of or encumber, any real property without the approval of the Legislature."

[3] Rule XVI, § 4 is a provision of the Rules of the Legislature which required a formal course of action.

Any coastal zone permit which the appropriate Committee of the Commission or the Commissioner recommends for approval pursuant to this section, together with the recommended terms and conditions thereof, shall be forwarded by the Committee or Commissioner to the Governor for the Governor's approval or disapproval within thirty days following the Committee's or Commissioner's final action of the application for the coastal zone permit or the Board's decision on appeal to grant such a permit. The Governor's approval of any such permit or lease must be ratified by the Legislature of the Virgin Islands or, in the event that the Legislature is not in session, by the Committee on Conservation, Recreation and Cultural Affairs of the Legislature. . . .

While § 911(e) may grant the Plaintiff the authority to ratify a coastal zone permit when the Legislature is not in session, it does not give the authority to institute legal action such as the case sub judice. If no such express authority is given to institute an action regarding a permit before the Plaintiff for ratification, it is unlikely that such authority exists for a permit that has not been approved by the Governor and is not before the Committee for ratification. Furthermore, the record before the Court is devoid of any admissible evidence as to whether or not the Legislature was in session.[4] That being the case, § 911(e) may not even be triggered in the situation at bar and is, therefore, not an argument helpful to the Plaintiff's case.

Lastly, the Plaintiff has asserted that it received authorization to institute this action by way of a directive from the Senate President to petition for injunctive relief against the removal of the barge. However, as we have already discussed, § 509(f) of the Rules requires ratification by at least ten (10) members of the Legislature for such an action. Furthermore, as was pointed out in Government of the Virgin Islands v. Bay Corporation, supra, any delegation of authority by the Legislature to the Plaintiff would require formal action which entails passing a bill, rather than merely taking a vote.

## CONCLUSION

Based upon the foregoing discussion, the Court concludes that the Plaintiff lacks sufficient *injury in fact* to establish standing.

---

[4] During oral arguments on the motion to dismiss, counsel for Plaintiff was asked by the Court whether the Legislature was in session on the day the complaint was filed and he responded "no". Of course, arguments and statements of counsel are not evidence.

Additionally, the Plaintiff, by failing to adequately follow the Rules of the Senate, lacks the capacity to institute this action. Furthermore, it should be noted that a standing committee is only an offspring of the Legislature and has only those powers authorized by law or the Senate Rules. In re Beef Industry Antitrust Litigation, 589 F.2d 786 (5th Cir. 1979). Moreover, this legislative committee is held to observance of its rules, Yellin v. United States, supra, and should follow them as zealously as it is trying to get the Defendant to follow the rules of the Coastal Zone Management Act.

■ Since the Plaintiff lacks standing and the capacity to sue, this Court cannot exercise subject matter jurisdiction. Wright & Miller, Federal Practice and Procedure, § 1559 (1971); Wright & Miller, Jurisdiction and Related Matters, § 3531 (1984). The Court is, therefore, compelled to dismiss this action.[5] As the Court does not have subject matter jurisdiction, it is unnecessary to address the issue of whether the legal counsel of the Legislature is authorized to represent the Plaintiff.

## ORDER

This matter is before the Court on Defendants' motion to dismiss. The Court having filed its memorandum opinion of even date herewith, it is thereby

ORDERED that Defendants' motion to dismiss is GRANTED; and it is further

ORDERED that the temporary restraining order issued by this Court on October 18, 1985, is DISSOLVED; and it is further

ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

---

[5] This Court expresses no opinion as to whether Defendants need a permit to move the barge or whether the existing Coastal Zone Permit No. CZT-47-83W embraces the trust land upon which the barge is located. Nor is the Court holding that a legislator or legislative committee cannot sue under any other circumstance.